Filed 4/6/21  P. v. Ringseth CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C091692 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CR001953) |
| v. | |
| WILLIAM EDWIN RINGSETH, JR., | |
| Defendant and Appellant. | |

Defendant William Edwin Ringseth, Jr., pleaded guilty to forcibly raping his stepgranddaughter on two occasions.  The trial court sentenced him to state prison for an aggregate term of 19 years and imposed various fines and fees.  On appeal, defendant contends he was denied his constitutional right to counsel by counsel's failure to object to the imposition of various fees, fines, and assessments without first determining his ability to pay, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  Disagreeing, we affirm the judgment.

1

## FACTS AND PROCEDURAL HISTORY

Due to the limited nature of the sole claim on appeal, we need not recite the facts of defendant's crimes in detail. It suffices to say that defendant pleaded guilty to two counts of forcibly raping his stepgranddaughter, a child victim over 14 years of age (Pen. Code, § 261, subd. (a)(2)[1]; counts 5 and 13), in exchange for dismissal of all remaining charges and allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing, which took place seven months after *Dueñas* was decided, the trial court incorporated "the other terms and conditions" from the probation report's recommendations into the judgment, which included a $2,700 state restitution fine (§ 1202.4, subd. (b)), an $80 court operations assessment (§ 1465.8), a $60 criminal conviction assessment (Govt. Code, § 70373), and a $1,080 sex offender fine (§ 290.3). Defense counsel did not object. After defendant filed his notice of appeal, he sent a letter to the trial court asking it to stay the restitution fine and strike the remaining fines and fees, relying on *Dueñas.* The trial court did not respond.

## DISCUSSION

Relying primarily on *People v. Dueñas, supra*, 30 Cal.App.5th 1157, defendant argues his counsel was ineffective for failing to object to the imposition of fines and fees on ability to pay grounds. The People contend defendant cannot show his counsel's failure to object fell below an objective standard of reasonableness or was prejudicial, nor does the record establish an inability to pay. As we are not persuaded that *Dueñas* was correctly decided, we find no prejudice.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires

---

[1] Undesignated statutory references are to the Penal Code.

the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but found, contrary to *Dueñas*, that the same did not apply for restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require a determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Having done so, we reject defendant's derivative claim of ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless defense does not demonstrate ineffective assistance of counsel].)

### DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Renner, J.

3